# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SIDNEY B. HARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11CV263 |
| | ) |
| RICHARD H. BROADHEAD, | ) |
| DAVID F. LEVI, and DUKE | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion to dismiss all claims in Plaintiff's complaint, filed by Defendants Brodhead, Levi, and Duke University. (Docket No. 5.) This motion has been fully briefed. For the reasons stated herein, the Court concludes that Defendants' motion should be granted and that this action should be dismissed.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

The following factual allegations are made in Plaintiff's complaint. In June 2008 Plaintiff Sidney B. Harr co-founded an organization known as the "Committee on Justice for Mike Nifong" ("Committee"). (Docket No. 1 ("Compl.").) Mr. Nifong was the North Carolina state prosecutor in a case against Duke lacrosse players accused of rape who were later declared innocent of all charges by the North Carolina Attorney General. Mr. Nifong's law license was revoked as a result of his actions in the case. Plaintiff Harr states that the

goal of the Committee is to encourage the North Carolina Bar to reinstate Mr. Nifong's law license.

Plaintiff attended a conference on the Duke University campus on April 8-10, 2010. While there Plaintiff saw posters advertising an interview with Supreme Court Justice Breyer to be held on campus on April 14, 2010. On April 12, 2010, Plaintiff mailed two letters to Defendant Brodhead and Defendant Levi praising the conference held at Duke.[1] Plaintiff mentioned in these letters that he planned to attend the Justice Breyer interview on April 14.

Plaintiff attended the Justice Breyer interview on April 14, 2010. After the interview concluded, Plaintiff began handing out business cards of the Committee and was asked by a reporter for the Associated Press for an interview. After this interview, Duke campus security approached Plaintiff and advised him he would have to leave the campus. The security officer told Plaintiff that the "building manager" was having him removed. When Plaintiff protested, the security officer called for campus police to meet them. Both a security officer and a police officer escorted Plaintiff to a bus stop and, as Plaintiff was boarding the bus, told Plaintiff within the hearing of others on the bus that he was nearly arrested three times.

---

[1] Although Plaintiff alleges in his Complaint that he drafted and mailed these letters on April 10, in his response brief he acknowledges that they were mailed on April 12. (Docket No. 8 at 2.)

On April 19, 2010, Plaintiff wrote to Mr. Brodhead, Mr. Levi, and Ms. Bernard, the Duke University general counsel, asking why he was escorted off campus and who ordered his removal. Plaintiff believed that someone in Mr. Levi's office had read his April 12 letter, realized that Plaintiff would be at the April 14th interview, and ordered security to remove him for no other reason than because he was a supporter of Mr. Nifong. Plaintiff proposed that the parties engage in "restorative justice," but he received no response from Defendants. On May 12, 2010, Plaintiff received a letter from a Duke University spokesperson, Mr. Schoenfeld, who said that Plaintiff was removed from campus for violating the University's policy against solicitation (handing out Committee business cards and inviting persons to view the Committee's website). Mr. Schoenfeld stated that the police and not anyone from the administration of the University ordered his removal.

Plaintiff complained about his removal from the Duke campus to the United States Department of Justice and various public office holders. Those complaints did not meet with any success. Plaintiff alleges that his "First Amendment Rights to Freedom of Speech and Expression were violated by Defendants, and [asserts] a Violation of Civil Rights 28 U.S.C. § 1343, specifically by discrimination based upon the Plaintiff's thoughts, beliefs, and opinions." (Compl. at 1.) In this action Plaintiff seeks various forms of relief, asking that Defendants publish an admission of discrimination, donate $1,000 per month to the Committee for 20 years, and ensure that a similar incident will not occur in the future. (*Id*. at 12-15.)

## DISCUSSION

**A.      Standard**

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

**B.      Violation of First Amendment Rights/42 U.S.C. § 1983**

Defendants argue that Plaintiff's claim for relief based on alleged violation of his First Amendment rights must be dismissed because the only avenue for seeking such relief, 42 U.S.C. § 1983, requires both personal action by the Defendants and that Defendants act under color of state law, both of which they argue are lacking in this case. Although Plaintiff does not cite section 1983 in his Complaint, he confirms in his responsive brief that he is proceeding under that section. (Docket No. 8 at 6 ("Plaintiff . . . was denied First and Fourteenth Amendment rights in violation of 18 U.S.C. § 1983 when Defendants acted under color of state law.")

Plaintiff's argument that Duke and its administrators acted under color of state law for purposes of section 1983 must be rejected under the court's reasoning in *McFadyen v.*

*Duke Univ.*, __ F. Supp. 2d __, 2011 WL 1260207, slip op. at *44 (M.D.N.C. Mar. 31, 2011) (No. 1:07CV953). In that case, the court granted the motion to dismiss of Duke University and Defendant Brodhead, among other Duke employees, because the defendants did not act under color of state law when they allegedly violated the plaintiffs' First and Fourteenth Amendment rights to engage in political processes on the Duke campus. (*Id.*) There, as here, "[t]he action taken by Duke and its employees–at the direction of Duke administrators–is not plausibly alleged to be government action taken 'under color of state law' under § 1983." Accordingly, Plaintiff's claim of violation of his First and Fourteenth Amendment rights under section 1983 should be dismissed because Plaintiff has not plausibly alleged that Defendants acted under color of state law.

In addition, Plaintiff fails to plausibly allege that Defendants were personally involved in any of the events of April 14, 2010. Section 1983 liability may not be based upon respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff has not named as defendants the security officer, the police officer, and the "building manager" who were allegedly personally involved. (Docket No. 8 at 8-9.) Under Plaintiff's theory, Defendants Brodhead and Levi were "placed on notice" that Plaintiff might attend the April 14 interview by reason of Plaintiff's April 12 letters to them. However, even Plaintiff states that he "does not believe [Mr. Brodhead and Mr. Levi] had the opportunity to read [the letters] prior to [Plaintiff] being kicked off campus." (Docket No. 8 at 2.) The

individual Defendants should be dismissed for this independent reason of lack of a plausible showing of personal involvement in the April 14 incident of which Plaintiff complains.

Plaintiff also has not plausibly alleged that Defendant Duke University created or implemented a plan which resulted in a violation of his constitutional rights which might give rise to liability, even if it were considered to be a state actor. *See Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (liability of private corporations limited in same manner as that of municipal corporations under section 1983). For this independent reason, Plaintiff's section 1983 claims against Defendant Duke University should be dismissed.

**C.     Violation of 42 U.S.C. § 1985**

Plaintiff did not allege a violation of 42 U.S.C. § 1985 in his Complaint. (Compl.) However, in his responsive brief he claims that Defendants engaged in a civil conspiracy to deny him his rights based on his beliefs regarding Mr. Nifong in violation of 42 U.S.C. § 1985(3). (Docket No. 8 at 12-14.) Although Plaintiff has not sought to amend his Complaint to add this claim, any such request would be futile. Section 1985(3) provides a cause of action only for invidious, class-based discrimination and not for discrimination because of political beliefs. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995); *Johnson v. Hettleman*, 1987 WL 35867, No. 86-3104 (4th Cir. Feb. 26, 1987).

# CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 5) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 16, 2011