IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SIDNEY B. HARR,                )
                               )
            Plaintiff,         )
                               )
    v.                         )        1:11CV263
                               )
RICHARD H. BRODHEAD,           )
DAVID F. LEVI, and DUKE        )
UNIVERSITY,                    )
                               )
            Defendants.        )

### ORDER

This case arises from Plaintiff's attendance at a conference hosted by, and held at, the Duke University Law School from April 8-10, 2010, and Plaintiff's subsequent attendance at an interview of United States Supreme Court Justice Stephen Breyer on April 14, 2010, also held at the law school. Plaintiff's pro se complaint alleges that his "First Amendment Rights to Freedom of Speech and Expression were violated by Defendants" and claims a violation of 28 U.S.C. § 1343 as a result of his having been asked to leave the Duke University campus following the April 14 event. (Doc. 1.)

On November 25, 2011, the United States Magistrate Judge issued his Recommendation in accordance with 28 U.S.C. § 636(b) and served a copy on the parties in this action. The Magistrate Judge recommends dismissal of the action. (Doc. 12.) Plaintiff objected to the Recommendation (Doc. 15), and Defendants filed a response (Doc. 16). Plaintiff has since filed a "Motion to Have Defendants'

Motion to Dismiss Heard in Open Court" in which he rehashes his arguments. (Doc. 17.) Defendants responded to that motion (Doc. 18), and Plaintiff filed a reply (Doc. 19).

In his 34 pages of objections, much of which is a diatribe on Plaintiff's perception that former state prosecutor Michael Nifong (who was disbarred for prosecutorial misconduct in connection with his prosecution of alleged crimes by certain members of the Duke University lacrosse team who were later declared innocent of all charges by the North Carolina Attorney General) was mistreated by the media and others, Plaintiff takes the extraordinary tact of repeatedly maligning the motivations and personal integrity of the United States Magistrate Judge and thus this court. Among the charges Plaintiff levies about the Magistrate Judge are that he is "lying to th[is] Court in his recommendation" (Doc. 15 at 1), engaged in "flagrantly unethical, egregious and biased professional misconduct in favoring Defendants" (id.), "attempts to mislead the Court" (id. at 3), engaged in "nothing more than purposeful fabrication" (id.), "offer[ed] up some esoteric legalese mumbo-jumbo to support his decision" (id. at 5), "blatantly lied . . . with the intent to mislead the Court for the purpose of gaining from the Court a favorable decision for Defendants" (id. at 22), "tried to concoct a reason [to support his conclusion]" (id.), "indulged in making misleading and unsubstantiated pronouncements" (id.), uttered "lies [that are] neither innocent nor misstatements,

2

but rather calculated to deceive and mislead the Court" (id.), "prevaricated and misled the Court in his recommendation . . . performing more like an attorney for the Ellis & Winters law firm in Greensboro, North Carolina, which is representing Defendants" (id. at 27), "lie[d] on behalf of Defendants in order to mislead the Court in an attempt to get a ruling in favor of the powerful Defendants" (id.), and chose to "purposely lie to the Court about facts of the case, in an attempt to mislead the Court to rule in favor of one of the parties, [which is] the most severe manner of misconduct" (id. at 33). Plaintiff asks that the court "place appropriate sanctions against [the Magistrate Judge] for lying to the Court in an attempt to mislead it in favor of Defendants." (Id. at 34.)

Plaintiff is a self-styled advocate of Mr. Nifong's reinstatement to the North Carolina State Bar. The substance of Plaintiff's objections is that he claims that the Magistrate Judge misstated the facts; namely, he contends that the Magistrate Judge incorrectly stated that Plaintiff was handing out his business cards *after* the interview with Justice Breyer rather than before, as Plaintiff claims. (Doc. 12 at 2; Doc. 15 at 2.) Plaintiff appears to believe this is important because he alleges that while he was ostensibly asked to leave the Duke campus by a security guard because of his alleged solicitation (handing out business

3

cards), the real reason was because of his political beliefs. (Doc. 15 at 26.)

Because Plaintiff has filed objections, the court is obliged to conduct a de novo review of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The case is before the court on Defendants' motion to dismiss. (Doc. 5.) Accordingly, the court takes the allegations of the complaint in the light most favorable to Plaintiff as the non-moving party. However, while the court construes the pro se complaint liberally, it is not required "to conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Accordingly, the question is whether the complaint contains sufficient facts which, if accepted as true, state a claim that is "'plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,    , 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint alleges that Plaintiff created the "Committee on Justice for Mike Nifong" and screen-printed 50 t-shirts and created business cards with the entity's logo ("j4n" in the center of a magenta disk with the label "Committee on Justice for Mike Nifong" and the entity's website address). (Doc. 1 at 3.) Plaintiff also wore his Nifong t-shirt "whenever he went on the campuses of Duke University." (Id. at 4.) Consequently, Plaintiff wore his t-shirt throughout the Duke conference April 8-10, 2010, and returned

4

wearing it during the Justice Breyer interview April 14, 2010. (Id. at 4-5.) Plaintiff alleges he handed out his Nifong-related "business cards" during both events. (Id.) Plaintiff also alleges he handed out his business card to an Associated Press reporter immediately *after* the interview. (Id. at 6 ¶ 18.) Thus, these facts are consistent with those relied upon by the Magistrate Judge.

Notwithstanding, whether Plaintiff engaged in his solicitation before, during, and/or even after the event does not affect the legal analysis of Plaintiff's claims. What Plaintiff overlooks is that Duke University is a *private* institution, and thus Plaintiff was at all times on *private* property when the alleged events took place. See McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 942-43 (M.D.N.C. 2011). A claim under 42 U.S.C. § 1983 requires that the Defendant act "under color of state law." Id. at 942. Whatever Duke may have done or not done, it is clear that Plaintiff has not alleged facts sufficient to suggest that the actions of Duke, a private institution, should be treated as actions of the state. See id. And Plaintiff cannot assert a § 1983 claim for a private tort. Carrington v. Duke Univ., No. 1:08CV119, slip op. at 124 (M.D.N.C. Mar. 31, 2011). Because the complaint fails to allege a constitutional violation by any Defendant, there can be no liability against Duke; Richard Brodhead, the university's

5

president; or David Levi, the Duke University Law School's dean, simply because Plaintiff may think he has a claim against some other employee of Duke.[1]  This is known as the doctrine of respondeat superior, and there is no liability under § 1983 based on it.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). There is also no allegation of misconduct by any individually named Defendant.  Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (noting that for an individual to be liable under § 1983, it must be shown affirmatively that the official acted personally in the deprivation of the plaintiff's rights).  Finally, Plaintiff has not made out a claim for conspiracy under 42 U.S.C. § 1985, because his complaint makes clear that the basis for his claim is political animus, which Plaintiff confirms in his objections.  (Doc. 15 at 26 (noting that "Plaintiff was selectively asked by the security guard to leave the Duke University grounds solely because of his beliefs, thoughts, and opinions; which were supportive of Mike Nifong and contrary to Duke University's position").)  Johnson v. Hettleman, 812 F.2d 1401, 1987 WL 35867, at *1 (4th Cir. 1987) (unpublished table decision).[2]

---

[1] The potential liability of any other employee is not before the court, and the court "express[es] no views as to that question."  Powell v. ShopCo Laurel Co., 678 F.2d 504, 505 n.3 (4th Cir. 1982).

[2] Even if the court were to credit statements in Plaintiff's objections, it is clear that any claim or racial animus, alluded to there for the first time, e.g., Doc. 15 at 25 26 ("Plaintiff, who is African American, is not sure that racial prejudice did not play an additive role along

6

In sum, the court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a _de novo_ determination, which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

This leaves the issue of Plaintiff's gratuitous and vile invective directed at this court. Such comments were totally unnecessary for, as explained above, the factual distinction Plaintiff pressed was wholly irrelevant to the *legal* issues raised by the motion to dismiss his complaint.³ Neither the liberal pleading rules nor generous pro se practices of the courts has eliminated "the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect." Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978) (dismissing an appeal with prejudice because the pro se appellant's notice of appeal contained "vile and insulting references to the trial judge"). Plaintiff's pro se status is not an excuse to

---

with the media spawned anti Nifong prejudice."), are merely conclusory and are insufficient to state a claim. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (noting that the court has specifically rejected § 1985 claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts").

³ Plaintiff also complains about the fact that Defendants, the moving parties here, are permitted to get the "last word" with a reply brief. (Doc. 15 at 32.) This is the long standing orderly rule of this court (Local Rule 7.3), and all litigants, those represented by counsel and those proceeding pro se, are required to consult the local rules before filing any material.

7

engage in abusive conduct, and Plaintiff is warned against further personal attacks on the Magistrate Judge or any judicial officer of the federal courts.  See id; 18 U.S.C. § 401(1) (providing power to punish misbehavior by fine or imprisonment, or both).  The court will not hesitate in appropriate cases to exercise its full contempt and other powers in order to protect the dignity of the nation's judicial system as a forum for the thoughtful resolution of legitimate grievances.  Plaintiff is admonished to conduct himself accordingly.

For the above reasons, therefore,

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 5) is GRANTED and that this action be DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Have Defendants' Motion to Dismiss Heard in Open Court (Doc. 17) is DISMISSED for lack of good cause.  A Judgment dismissing this action will be entered contemporaneously with this Order.

                                         /s/ Thomas D. Schroeder
                                        United States District Judge

March 5, 2012

8

Case 1:11-cv-00263-TDS-JEP   Document 20   Filed 03/05/12   Page 8 of 8